FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN - 2 2021

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 1:21-CR-65 |
| STEVEN HINES | § | Crone - Hawthorn |
| DAVID TIMOTHY JOHNSON | § § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to possess with intent to
distribute a Schedule II controlled
substance (cocaine))

On or about September 14, 2020, in the Eastern District of Texas, the defendants, **Steven Hines and David Timothy Johnson**, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and possess to distribute a Schedule II controlled substance, namely, 500 grams or more of a mixture or substance containing a detectable amount of cocaine.

In violation of Title 21 U.S.C. §§ 846 and 841(a)(1).

### Count Two

Violation: 21 U.S.C. § 841(a)(1) and
18 U.S.C. § 2 (Possession with intent to
distribute a Schedule II controlled
substance (cocaine))

On or about September 14, 2020, in the Eastern District of Texas, the defendants,

**Steven Hines and David Timothy Johnson**, did unlawfully, knowingly, and intentionally possess with the intent to distribute a Schedule II controlled substance, namely, 500 grams or more of a mixture or substance containing a detectable amount of cocaine.

All in violation of 21 U.S.C. § 841(a)(1).

### Drug possession – proceeds and facilitating property Forfeiture Allegation
(21 U.S.C. § 853)

1. The allegations contained in Counts One and Count Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendants, **Steven Hines and David Timothy Johnson**, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not limited to, the following:

    a. $100,000.00 dollars in United States Currency.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
GRAND JURY FOREPERSON

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

_____   6/2/21
MICHAEL A. ANDERSON           Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

UNITED STATES OF AMERICA          §
                                  §
v.                                §
                                  §         No. 1:21-CR-65
                                  §
STEVEN HINES                      §
DAVID TIMOTHY JOHNSON             §

## NOTICE OF PENALTY

### Count One

Violation:   21 U.S.C. §§ 841(a)(1) and 846.

Penalty:     If 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, HCl – imprisonment for not less than ten (10) years nor more than life, a fine not to exceed $10,000,000.00, or both, and a term of supervised release of not less than five (5) years;

             If 500 grams or more of a mixture or substance containing a detectable amount of cocaine HCL — imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 4 years, but not more than life; and

             If less than 500 grams of a mixture or substance containing a detectable amount of cocaine HCL – not more than 20 years imprisonment, a fine not to exceed $1 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 3 years, but not more than life.

Special Assessment:     $100.00

### Count Two

Violation:   21 U.S.C. § 841(a)(1)

Penalty:     If 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, HCl – imprisonment for not less than ten (10) years nor

more than life, a fine not to exceed $10,000,000.00, or both, and a term of supervised release of not less than five (5) years;

If 500 grams or more of a mixture or substance containing a detectable amount of cocaine HCL — imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 4 years, but not more than life; and

If less than 500 grams of a mixture or substance containing a detectable amount of cocaine HCL – not more than 20 years imprisonment, a fine not to exceed $1 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 3 years, but not more than life.

Special Assessment:        $100.00